UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK GRANTLEY,

    Plaintiff,

v.                                                     Case No. 3:26cv282-AW-HTC

TORI TATUM, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Derrick Grantley, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE because Grantley failed to accurately disclose his litigation history.[1]

Section VIII of the Court's § 1983 complaint form required Grantley to disclose his prior litigation history and warned him that "***failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and***

---

[1] Grantley also admits he is a three striker (Doc. 1 at 21) and a judge in this district previously determined he had three qualifying dismissals (N.D. Fla. Case No. 5:22cv54, Doc. 3). *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding *in forma pauperis* if he has filed at least three cases while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim, unless he is in imminent danger of serious physical injury). However, because dismissal is warranted based on Grantley's failure to accurately disclose his litigation history, the Court need not address whether he satisfies the imminent danger exception and his application to proceed *in forma pauperis* (Doc. 2) will be denied as moot through a separate order.

*appeals – may result in the dismissal of this case.*" Doc. 1 at 16. The form also advised Grantley that he "*should err on the side of caution if [he is] uncertain whether a case should be identified.*" *Id.*

Question A on the form asked Grantley to identify any case he filed "in federal court, including federal appellate court," that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service."[2] Doc. 1 at 21. Grantley admitted he has filed such cases and has "3 strikes against him" but indicated he "doesn't recall the old cases" and "does not have information regarding the old cases." *Id.*

Question C asked Grantley to identify "any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging [his] conviction or relating to the conditions of [his] confinement." *Id.* at 22. In response to this question, Grantley identified three cases: (1) S.D. Fla. Case No. 1:25cv21396 (habeas petition dismissed as time barred); (2) M.D. Fla. Case No. 3:16cv1147 (§ 1983 case that resulted in a settlement); and (3) N.D. Fla. Case No. 3:25cv1881 (§ 1983 case filed in October 2025 that is still pending). *Id.* at 23. Grantley added

---

[2] The questions on the form serve several purposes, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) or cases that are related or duplicative. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013).

he "does not recall any other cases he has filed, nor does he have the information." *Id.*

Grantley's responses to the questions on the complaint form are incomplete and insufficient. An independent investigation reveals Grantley has filed more than a dozen cases and appeals in federal court while incarcerated, and he failed to disclose all but three of them. Indeed, he failed to disclose multiples cases that were dismissed within the past six years. *See e.g.*, S.D. Fla. Case No. 1:25cv20809 (habeas petition dismissed in February 2025 for Grantley's failure to pay the filing fee or file a motion to proceed *in forma pauperis*); N.D. Fla. Case No. 5:22cv54-TKW-MJF (§ 1983 case dismissed in September 2023 for lack of exhaustion); M.D. Fla. Case No. 3:17cv678 (§ 1983 case that ended in November 2020 after some defendants were granted summary judgment and the claims against the last defendant were dismissed without prejudice).[3]

Despite these significant omissions, Grantley signed the complaint form under penalty of perjury, that all the information in the complaint form, "including [his] litigation history, is true and correct." Doc. 1 at 24. Grantley's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. Indeed, Grantley should be aware of the importance of truthfully disclosing all his prior cases, as he has previously had a case dismissed in this District for failing

---

[3] These cases bear Grantley's FDOC inmate number (198328), which confirms he filed them.

to accurately disclose his litigation history. *See* N.D. Fla. Case No. 3:15cv493 (§ 1983 case dismissed without prejudice as malicious due to Grantley's failure to disclose two cases).

Moreover, Grantley's failure to identify these cases is not excused by his assertion that he "does not recall" the other cases he filed and does not have information regarding them. A prisoner's "purported lack of memory or lack of access to his legal materials does not justify his failure to truthfully disclose his litigation history." *White v. Quinn*, 2025 WL 2202405, at *2 (N.D. Fla. July 16, 2025), *report and recommendation adopted*, 2025 WL 2198610 (N.D. Fla. Aug. 1, 2025) (collecting cases). Grantley "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021) (prisoner's "claim that he simply 'forgot' about the undisclosed prior cases … is not a justifiable excuse for his failure to list those cases"); *see also Beshears v. Marion Cnty. Bd. of Cnty. Comm'rs*, 2020 WL 5949790, at *2 (11th Cir. Apr. 20, 2020) ("The District Court acted within its discretion in finding that Mr. Beshears's explanation for his failure to disclose this information— … that he suffered from memory loss—was not a credible or persuasive reason for failing to disclose his numerous other lawsuits.").

The Court has inherent authority to dismiss a case based on a plaintiff's failure to truthfully and fully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025). If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false or incomplete responses or statements in any pleading or motion filed before it. Thus, if Grantley suffered no penalty for his inaccurate responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. *See e.g., Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED without prejudice under this Court's inherent authority for Grantley's failure to accurately disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 26th day of January, 2026.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.